UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DALLAS RAY BLANKENSHIP, III, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF OF ELKHART COUNTY, <br><br> Defendant. | CAUSE NO. 3:23-CV-903-JD-JEM |

OPINION AND ORDER

Dallas Ray Blankenship, III, a prisoner without a lawyer, filed a complaint from the Elkhart County Correctional Center, about the period that she was denied access to the hormone therapy medications she needs as a transgender female to treat her gender dysphoria. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Blankenship alleges that when she entered the jail, "the medical people" took her off her hormone therapy medications. ECF 1 at 1. She went months without her medication and experienced hormone withdrawals, anxiety, severe depression, memory problems, sleep problems, eating problems, and severe demotivation. She says she even

tried to kill herself. She wants the Elkhart County Correctional Center to pay for her reassignment surgery and other surgical procedures, including facial feminization, tracheal shaving, breast augmentation, and laser hair removal.

Blankenship's complaint does not state a claim for injunctive relief to receive those surgeries. A claim for injunctive relief requires allegations of an ongoing violation of federal law. *See Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) ("When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers."). Here, the complaint alleges that Blankenship is currently receiving hormone treatments, and she does not raise any ongoing constitutional concerns about the medical care for her gender dysphoria.

Additionally, even assuming that she was unconstitutionally denied hormone treatment for several months, she does not explain why that violation would require a remedy of reassignment surgery. The hormone treatment she is given acts to "feminize" her body. *See Campbell v. Kallas*, 936 F.3d 536, 538-39 (7th Cir. 2019) (quoting WORLD PROFESSIONAL ASS'N FOR TRANSGENDER HEALTH, STANDARDS OF CARE FOR THE HEALTH OF TRANSSEXUAL, TRANSGENDER, & GENDER NONCONFORMING PEOPLE 1 (7th version 2011), available at https://www.wpath.org/media/cms/Documents/SOC%20v7/SOC%20V7_English.pdf) (discussing gender dysphoria treatment). "Surgery [such as breast augmentation, facial- and voice-feminization, and altering reproductive organs] is 'the last and the most considered step in the treatment process,' and not all gender-dysphoric patients are surgical candidates." *Id.* "[O]perations commonly referred to as sex-reassignment

2

surgeries—surgeries that replace an individual's existing genitals with approximations of those of the opposite sex" is recommended only after a patient has had a year of hormone therapy and has "12 continuous months of living in a gender role that is congruent with their gender identity." *Id.* Thus, hormone treatment and surgical procedures are two treatments for gender dysphoria, and there is no explanation why the requested surgical procedures would remedy a temporary deprivation of hormone treatments.

The court will not construe the complaint as including a claim for damages based on her past medical care because Blankenship does not identify a proper defendant who could be held liable. As a pretrial detainee, her rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

> The Due Process Clause of the Fourteenth Amendment imposes obligations on government officials to safeguard the health and safety of pretrial detainees, and section 1983 provides a cause of action for detainees . . . to vindicate those constitutional guarantees. To state a claim for inadequate medical care, a complaint must allege that: (1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [detainee]'s medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm.

*Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 827-28 (7th Cir. 2022) (citations and quotation marks omitted). In addition, the complaint must allege how a defendant was involved in the alleged constitutional violation in order to bring a claim for damages against that defendant. *See Whitfield v. Spiller*, 76 F.4th 698, 706 (7th Cir. 2023) .

3

Here, Blankenship does not identify a potentially viable defendant. She lists the defendant as "unknown" and says "the medical people" took her off her medication. ECF 1 at 1-2. Although the court can assist her in identifying unknown defendants, there is not enough information in the complaint about any potential defendants for the court to use in identifying them. Even if she doesn't know their names, Blankenship possesses information about which medical staff she saw and the steps she took to be placed back on her hormone treatment that can assist in identifying potential defendants. She may provide more information in an amended complaint as the case progresses.

Blankenship also filed two motions for preliminary injunctions. ECF 12, ECF 13. In one, she alleges that when she entered the jail she was placed in a female pod. ECF 12. But she says that after she filed this lawsuit, she was moved to a male pod. In that male pod, she does not have any privacy when she changes her clothes, uses the bathroom, or showers, even though her hormonal therapy medication has given her female characteristics, such as breasts. She fears for her safety because when she was in prison, she was raped numerous times because she looked like a girl.

Blankenship has plausibly alleged that her placement in a male pod presents a substantial risk of harm to her such that the court will construe the preliminary injunction motion as a complaint and allow a claim for injunctive relief to proceed. "Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution." *Kemp v. Fulton Cnty.*, 27 F.4th 491, 494 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a

4

duty . . . to protect prisoners from violence at the hands of other prisoners.")). A pretrial detainee states a failure to protect claim when she alleges:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 496 (emphasis omitted) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)). As to the second element, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The third element "requires only that the defendant's conduct be objectively unreasonable." *Kemp*, 27 F.4th at 497. Overall, reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Based on Blankenship's prior experiences in prison, it is reasonable to infer that she faces a substantial risk of suffering serious harm by being placed in a male pod at the correctional center, particularly without any accommodations for privacy when changing, showering, and using the bathroom. She does not say which correctional officials were involved in the placement decision, but a claim for injunctive relief is properly directed at the Elkhart County Sheriff in his official capacity because he has

5

both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate care as required by the Fourteenth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Elkhart County Sheriff will be made a defendant, and Blankenship will be allowed to proceed against him on a claim for injunctive relief for protection from a substantial risk of serious harm.

Blankenship has also plausibly alleged a need for immediate action in the form of a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions, meaning "those requiring an affirmative act by the defendant," are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Blankenship asks to be moved to a female pod. However, in the correctional context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). If a constitutional violation is proved, there may be other ways of keeping her safe than housing her in a female pod consistent with the Fourteenth Amendment. The court will order the Sheriff to respond to the preliminary injunction motion before taking further action on it.

The other preliminary injunction motion, however, does not contain enough information for a claim to proceed. Blankenship alleges she is being given improper medical care. ECF 13. Specifically, she complains that she is being put on more and more psych medications, which she says are unnecessary:

> I am not crazy. I just don't feel right in my body. I want to be a female. I feel that I am being treated like a guinea pig besides getting treatment for my real issue.

7

ECF 13 at 1. Blankenship does not provide any information about what medication she is prescribed, the reasons given for prescribing them, who was involved, or any of the other circumstances surrounding her medical treatment.

To establish a Fourteenth Amendment violation based on medical care, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. Blankenship's bare assertion that she is receiving unnecessary psych medications does not allow a reasonable inference that her medical providers were more than negligent, particularly in light of her allegations that when she was off of her hormone treatment, she says she experienced anxiety, depression, and even tried to kill herself.

Finally, Blankenship submitted a motion to petition for a name and gender change on her birth certificate. ECF 11. That is a matter she must bring in the Indiana State Courts. *See In re A.L.*, 81 N.E.3d 283 (Ind. Ct. App. 2017); *see also Doe v. Holcomb*, 883 F.3d 971 (7th Cir. 2018) (concluding plaintiff lacked standing to bring First and

8

Fourteenth Amendment challenge to provision of Indiana's .name-change statute in federal court).

For these reasons, the court:

(1) DENIES the motions (ECF 11, 13);

(2) DIRECTS the clerk to add as a defendant the Sheriff of Elkhart County in his official capacity;

(3) CONSTRUES the first motion for a preliminary injunction (ECF 12) as an amended complaint and DIRECTS the clerk to separately docket it as an amended complaint;

(4) GRANTS Dallas Ray Blankenship, III, leave to proceed against the Sheriff of Elkhart County in his official capacity for injunctive relief to be protected from a substantial risk of serious harm as a transgender female being housed in a male pod at the Elkhart County Correctional Center without privacy for changing clothes, showering, and using the bathroom as required by the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES unknown;

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Sheriff of Elkhart County at the Elkhart County Correctional Center, with a copy of this order and the preliminary injunction motion (ECF 12);

(8) DIRECTS the clerk to email or fax a copy of the same documents to the Sheriff of Elkhart County at the Elkhart County Correctional Center;

(9) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Sheriff of Elkhart County to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order;

(11) ORDERS the Sheriff of Elkhart County to file and serve a response to the motion for a preliminary injunction as soon as possible, but not later than **January 5, 2024**, (with supporting documentation and declarations from other staff as necessary) describing/explaining how Dallas Ray Blankenship, III, is receiving constitutionally adequate protection from serious harm as a transgender female housed in a male pod without privacy for changing clothes, showering, and using the bathroom; and

(11) GRANTS Dallas Ray Blankenship, III, fourteen days to reply to the Sheriff's response to the motion for a preliminary injunction.

SO ORDERED on December 13, 2023

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT